IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EFW INC., <br>     Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. 4:07-CV-733-Y |
| SMITHS AEROSPACE LLC, <br>     Defendant | § § § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO RECONSIDER COURT'S VACATUR OF THE SEPTEMBER 8, 2008 DEADLINE FOR THE PARTIES TO DESIGNATE EXPERTS AND EXCHANGE EXPERT REPORTS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Smiths Aerospace LLC (n/k/a GE Aviation Systems LLC) ("Smiths") respectfully submits this Reply in Support of its Motion to Reconsider Court's Vacatur of the September 8, 2008 Deadline for the Parties to Designate Experts and Exchange Expert Reports as follows:

## I.
### INTRODUCTION

On September 8, 2008, the original expert witness designation deadline, EFW designated a single expert. Now, however, after the Court's vacatur of the original expert witness designation deadline, EFW has decided that it needs not one but *five* experts, at least three of whom were indisputably known to EFW before September 8, 2008. Such a turn of events is prejudicial and unfair to Smiths. Therefore, Smiths requests that the Court reinstate and enforce the original September 8, 2008 deadline.[1]

---

[1] Even if the Court allows EFW to designate Jeffery M. Katz as its damages expert, which is the relief EFW requested in its Motion for Leave to Designate Expert Witness [doc. # 31], EFW should not be allowed to designate its other four new experts.

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO RECONSIDER COURT'S VACATUR OF THE SEPTEMBER 8, 2008 DEADLINE FOR THE PARTIES TO DESIGNATE EXPERTS AND EXCHANGE EXPERT REPORTS – Page 1**

## II.
## REPLY ARGUMENT

**A. EFW has repeatedly alleged approximately $7.4 million in lost profits in addition to the approximately $4.4 million it seeks in NRE costs.**

EFW's Response [doc. #45] is based on a flawed premise—that Smiths has known everything that EFW has to say about its alleged damages claims all along. In fact, Smiths has not. In addition to its claim for approximately $4.4 million in NRE costs, EFW has repeatedly asserted a claim for approximately *$7.4 million in lost profits*. (App. at 40).[2] As a result, Smiths designated Dr. Stephen H. Kalos to testify concerning EFW's alleged lost profits and produced his expert report in accordance with the Court's Original Scheduling Order. Consistent with its prior allegations, EFW's original Expert Designation [doc. #28] designated Ed Lynch ("Lynch") of Deloitte & Touche on the subject of lost profits, as well as on the amount EFW allegedly expended in NRE costs to develop its digital map.

In light of EFW's damages allegations and its previous designation of Lynch on the subject of lost profits, Smiths filed its Motion to Reconsider the Court's Vacatur of the September 8, 2008 Deadline to Designate Experts and Exchange Expert Reports because Smiths reasonably believed that EFW's newly designated damages expert would opine on EFW's alleged lost profits, as it had designated Lynch to do. That has not happened, however. EFW's second Expert Designation [doc. #42] did not designate a retained expert on lost profits damages, and the subject of lost profits is wholly absent from the report of Jeffery M. Katz, EFW's retained damages expert.[3]

Nonetheless, although EFW has not now designated a retained expert on lost profits, it is still seeking lost profits. To that end, EFW has designated Mike Henry ("Henry"), its C-130

---

[2] All "App. at ___" citations are to the Appendix previously filed in support of Smiths' Motion to Reconsider.
[3] Katz lists Dr. Kalos' expert report as one of the documents he reviewed prior to authoring his report.

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO RECONSIDER COURT'S VACATUR OF THE SEPTEMBER 8, 2008 DEADLINE FOR THE PARTIES TO DESIGNATE EXPERTS AND EXCHANGE EXPERT REPORTS – Page 2**

AMP Program Manager, on the subject of its lost profits, including anticipated lost sales from future production, and EFW's profit margin on the lost sales. Henry has undoubtedly had the benefit of Smiths' damages report, but he has not produced a report of his own. Smiths therefore is still largely in the dark regarding EFW's lost profits claims, although Henry is fully apprised of Smiths' defensive theories. All of the prejudice arguments that Smiths made in its opening motion apply equally to EFW's designation of Henry as EFW's proposed expert on lost profits. For that reason, the Court should not permit Henry to testify on the subject of EFW's alleged lost profits.

B.   **EFW has designated five new experts.**

EFW's original Expert Designation designated only one expert—Lynch. After the Court's vacatur of the Original Scheduling Order, however, EFW decided to designate *five* new experts, an action well beyond the relief it requested in its Motion for Leave: (1) Jeffery M. Katz is now designated as EFW's retained damages expert; (2) Major General Robert Patterson is now designated as EFW's retained defense industry expert; (3) David Rueter, EFW's Senior Sales and Contracts Manager, is now designated as a non-retained expert to provide testimony concerning, but not limited to, government contract procedure and regulations, industry custom, and the amount of EFW's alleged NRE (non-recurring engineering) costs; (4) Mike Henry of EFW is now designated as a non-retained expert to provide expert testimony concerning, but not limited to, government contract procedure and regulations, industry customs, lost profits, including anticipated lost sales from future production, and EFW's profit margin on the lost sales; and (5) Richard Illmer, EFW's outside counsel in this lawsuit, is now designated on the issue of attorneys' fees.

As for Major General Patterson, if EFW wanted a defense industry expert, EFW should have designated a defense industry expert on September 8, 2008. Notably, the only document that Patterson reviewed in preparation of his expert report was the expert report of Dr. Kalos, Smiths' damages expert. As for the others, there is no reason why EFW could not have designated Rueter, Henry, and Ilmer on September 8, 2008. Rueter and Henry are EFW employees; Ilmer is EFW's own counsel. There is no question that EFW has known about these three since this lawsuit began. Consequently, at a minimum, the expert designation deadline in the Original Scheduling Order should be enforced as to these four experts.

## III.
### CONCLUSION

The Court should grant Smiths' Motion to Reconsider and the September 8, 2008 expert witness designation deadline in the Original Scheduling Order should be enforced.

Respectfully submitted,

By: /s/ Stuart B. Brown, Jr.
ROBERT F. RUCKMAN
State Bar No. 17367000
STUART B. BROWN, JR.
State Bar No. 24006914
**JACKSON WALKER L.L.P.**
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

ALBON O. HEAD, JR.
State Bar No. 09325000
AMANDA L. BUSH
State Bar No. 24042161
**JACKSON WALKER L.L.P.**
301 Commerce Street, Suite 2400
Fort Worth, Texas 76102
Telephone: (817) 334-7200
Facsimile: (817) 334-7290

ATTORNEYS FOR DEFENDANT
SMITHS AEROSPACE LLC

### CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2008, a copy of the foregoing document was filed electronically using the Court's Electronic Case Filing System. Notice of this filing will be sent electronically to counsel of record using the Court's electronic notification system. Parties may access this filing through the Court's Electronic Case Filing System.

/s/ Stuart B. Brown, Jr.
Stuart B. Brown, Jr.